IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-MOBILE USA INC., a Delaware Corporation, | § § § | |
| Plaintiff, | § § | CIVIL NO. 3:08-CV-00341 |
| v. | § § | |
| SHAZIA & NOUSHAD CORPORATION d/b/a SAM'S ONE DOLLAR STORE, a Texas Corporation; NOUSHAD A. MIAN; SHAZIA NOUSHAD MIAN a/k/a HINA SHAZIA MIAN, | § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction ("Pl.'s Mot.") (Doc. No. 23) filed February 25, 2009. Having reviewed this motion and the applicable law, the Court finds that Plaintiff's Motion for Default Judgment and Permanent Injunction should be and is hereby **GRANTED**.

**I.    Background**

On February 26, 2008, Plaintiff T-Mobile USA, Inc. ("T-Mobile"), initiated this action against Defendants Shazia & Noushad Corporation d/b/a Sam's One Dollar Store; Noushad A. Mian; and Shazia Noushad Mian a/k/a Hina Shazia Mian (collectively "Defendants"), alleging numerous claims, including trademark infringement, unfair competition, and unjust enrichment. *See generally*, Plaintiff's Complaint ("Compl."). More precisely, Plaintiff alleges that Defendants acquired large quantities of T-Mobile branded wireless telephones, which were

1

subsequently disabled of existing T-Mobile-installed software and altered for resale. Compl. 8. Plaintiff alleges that these altered phones were then sold as new under the T-Mobile trademark for unauthorized use outside of the T-Mobile wireless system for profit in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B). *Id.* at 15.

Additionally, Plaintiff alleges breach of contract claims. *Id.* at 13. T-Mobile phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the phones. *Id.* at 7. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every T-Mobile phone, and are posted on T-Mobile's website. *Id.* T-Mobile asserts that Defendants violated the Terms and Conditions of the agreement by purchasing T-Mobile phones with the intent that such phones would not be activated and used on T-Mobile's service, but instead with the intent to improperly unlock, repackage, and resell the phones, and by otherwise using the phones. *Id.* at 13.

The Court issued a summons on February 26, 2008. Doc. No. 5. On March 5, 2008, Plaintiff filed proof of service, which shows Defendants were each served with a copy of the summons and Complaint on February 28, 2008. Doc. Nos. 9, 10, 11. Defendants did not file an answer or other responsive pleading within twenty (20) days of February 28, 2008, the date of service that was required by FED. R. CIV. P. 12(a)(1)(A)(i). Plaintiff moved for Clerk's Entry of Default on March 21, 2008, and the Clerk granted this request on March 21, 2008, finding that Defendants had failed to plead or otherwise defend in this action as directed in the summons and as provided in the Federal Rules of Civil Procedure. *See* Doc. Nos. 14, 15, 16, 17, 18, 19. In the present Motion before the Court, Plaintiff seeks default judgment granting damages and

injunctive relief as pleaded in its Complaint. Defendants did not respond to Plaintiff's Motion for Default Judgment. The issue is now ripe for consideration.

## II.     Legal Standard

Since the Clerk has found Defendants in default, the Court must determine whether entry of a default judgment should follow. If the procedural prerequisites for entering default judgment are met, the Court must then decide whether Plaintiff's requests for a permanent injunction, monetary and exemplary damages, and reasonable attorney's fees, are appropriate. Pl.'s Mot. 13-14.

### A.  Entry of Default Judgment

The Fifth Circuit has held that "default judgments are a drastic remedy not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Even if a defendant is technically in default, "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, a default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). The exercise of discretion in deciding the matter is given deference upon review. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

The Fifth Circuit looks to the following six factors when considering whether to enter a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default judgment; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think itself obligated to set aside the default on the defendant's motion. *Lindsey v.*

3

*Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (holding that a district court did not abuse its discretion when denying a motion for default judgment when these factors weighed against granting the motion).

As of the date of this order, Defendants have not offered any evidence that their failure to appear is the product of "a good faith mistake or excuse." *Id.* Defendants ignored the Complaint by failing to respond for a year, which has substantially prejudiced the Plaintiff's interest in resolving its claims against them. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Since the Defendants have had ample time to appear in this action, a default judgment would not be unusually harsh. *See id.* No material issues of fact have been placed in dispute due to the Defendants' failure to respond to the Complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). The grounds for default judgment are clearly established, as the Defendants were properly served with the summonses and Complaint, but failed to answer or otherwise appear in this action for over a year. Pl.'s Mot. 7. Finally, since Plaintiff's repeated attempts to contact Defendants' purported counsel were unsuccessful, the Court finds no reason why it would be obligated to set aside the default on Defendants' motion. Pl.'s Mot. 4-5. Accordingly, the Court is of the opinion that the procedural prerequisites to entering default judgment are satisfied.

**B.  Remedies**

Next, the Court must determine whether it would be appropriate to award Plaintiff the remedies requested in its Motion upon the entry of default judgment.  In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  FED. R. CIV. P. 54(c).  Therefore, the relief prayed for in a plaintiff's complaint limits the relief available on default judgment.  If the requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings, the Court must then determine whether the relief requested is appropriate based on the governing law.

**1.  Damages**

Turning first to the Plaintiff's request for damages, the Fifth Circuit has held that in the context of a default judgment, "[d]amages may not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts."  *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  In addition, "[w]here the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and where a hearing would not be beneficial, a hearing is unnecessary."  *James*, 6 F.3d at 310.

In its Motion, Plaintiff specifically requests that the Court award $8,500 in actual damages upon the entry of default judgment.  Pl.'s Mot. 11.  Although in its Complaint, Plaintiff only generally requested compensatory, consequential, statutory, special, and exemplary damages, the request in Plaintiff's Motion for actual damages of $8,500 is an appropriate award in this case.  Compl. 21; Pl.'s Mot. 11.  This award is appropriate because Plaintiff sought compensatory damages in both the present Motion and the Complaint, and the $8,500 figure can

be determined with certainty based on Plaintiff's Motion and the attached Affidavits of Monty Drake and Brian Bolin. Compl. 21; Pl.'s Mot. 11; Drake Aff. Ex. F; Bolin Aff. Ex. G.

In addition to actual damages, Plaintiff's Motion includes a request for treble damages, which brings Plaintiff's total request for damages to $25,500. Pl.'s Mot. 11. Courts have discretion to award damages for a violation of the Lanham Act up to three times the amount of actual damages. 15 U.S.C. § 1117(a). The Fifth Circuit recognizes that "[g]reat latitude is given [to] the district court in awarding damages under the Lanham Act." *Martin's Herend Imps., Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997). Furthermore, the Fifth Circuit notes that enhancement of a damages award "could, consistent with the "principles of equity" [ ], provide proper redress to an otherwise undercompensated plaintiff where imprecise damage calculations fail to do justice, particularly where the imprecision results from defendant's conduct." *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991).

In this case, Defendants' failure to participate in this litigation has made it difficult for Plaintiff to ascertain the full extent of actual damage caused by Defendants' illegal activities. Pl.'s Mot. 11. Because of Defendants' conduct, the only actual damages that can be ascertained at this time are those specifically known by Plaintiff through its own private investigator. *Id.* Accordingly, since the reason that the precise amount of damages cannot be ascertained is due to Defendants' unwillingness to participate in this litigation, this Court finds that treble damages of $25,500 are an appropriate remedy.

### 2.  Permanent Injunction

In addition to damages, Plaintiff requested a permanent injunction enjoining Defendants from engaging in unlawful business practices in both its Motion and Complaint.  Pl.'s Mot. 13-14; Compl. 22.  Thus, the Court next considers whether a permanent injunction is an appropriate remedy in this case.  Under 15 U.S.C. § 1116(a), this Court has the power to grant a permanent injunction for a violation of the Lanham Act.  A permanent injunction is appropriate if a plaintiff can prove (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury to the plaintiff outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest.  *See Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 561 (N.D. Tex. 1997), *aff'd*, 168 F.3d 486 (5th Cir. 1999).  Courts have acknowledged that default against a defendant is tantamount to actual success on the merits.  *See*, *e.g.*, *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006).

Here, the Court finds that Plaintiff's request for a permanent injunction is deserved.  Defendants' default constitutes actual success on the merits.  *Id.*  Further, T-Mobile has no other adequate remedy at law because monetary damages will not prevent future infringing activity by Defendants.  *See*, *e.g.*, *W.B. Music Corp. v. Big Daddy's Entm't, Inc.*, No. EP-05-CA-267-PRM, 2005 WL 2662553, at *3 (W.D. Tex. Oct. 18, 2005).  Requiring Defendants to restrain from future infringement will cause them minimal to no harm, and any potential harm caused by requiring them to comply with the law is insignificant compared to the continuing harm to Plaintiff's business if the injunction is not granted.  Finally, an injunction would serve the public interest by promoting compliance with intellectual property law.  *See Artista Records, Inc. v.*

*Kabani*, No. 303CV1191-H, 2004 WL 884445, at *4 (N.D. Tex. Apr. 23, 2004).  Accordingly, a permanent injunction is an appropriate remedy upon the entry of default judgment.

### 3.  Attorneys' Fees

Finally, Plaintiff requested reasonable attorneys' fees in its Complaint as well as its Motion.  Compl. 21-22; Pl.'s Mot. 13-14.  Therefore, this Court should award reasonable attorneys' fees if such relief would be appropriate under the Lanham Act.  The Lanham Act gives this Court the discretion to award attorney's fees to the prevailing party in exceptional cases.  15 U.S.C. § 1117(a).  The Fifth Circuit has acknowledged that "the exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'"  *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992).

Here, the Court finds that Plaintiff should be awarded reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).  Defendants' trademark infringement was willful and deliberate.  Defendants' business model is predicated on the unauthorized and willful exploitation of T-Mobile's trademark, and its misappropriation of T-Mobile's trademark gives them a special advantage in competition against T-Mobile.  Pl.'s Mot. 12.  Additionally, an award of reasonable attorneys' fees is appropriate due to the fact that Defendants have completely disregarded this litigation by failing to appear.  *See*, *e.g.*, *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) (noting that "a case may be deemed "exceptional," and merit an award of attorneys' fees under the Lanham Act, when Defendant disregards the proceedings and does not appear").

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees. *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar fee is calculated by multiplying the number of hours recently spent on the matter by a reasonable hourly rate for such work in the community. *Id.* Once the calculation is made the court may raise or lower the lodestar amount based on the weight of twelve factors set forth in *Johnson v. Ga. Highway Express,* 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar award may not be adjusted if the *Johnson* factor was already considered when determining the original lodestar amount. *Id.*

Under this method, the Court may not rule based on a default judgment alone. The Fifth Circuit requires that the claimants establish a reasonable hourly rate and the total numbers of hours expended on this litigation, or otherwise establish by particular methods of building or calculation the requisite evidence of reasonable and necessary attorney fees. For example, an affidavit from a responsible attorney may set out these details sufficiently.

In this case, Plaintiff has not yet provided the Court with the information needed to calculate reasonable attorney's fees. Thus, Plaintiff is ordered to produce an affidavit providing the Court with the information necessary to calculate such reasonable attorney's fees under the lodestar method.

Accordingly, the Court is of the opinion that Plaintiff's requests for $25,500 in damages, a permanent injunction, and reasonable attorneys' fees, are reasonable and should be, and are hereby, granted.

## III. Conclusion

1. Based on the foregoing analysis of facts and legal principles, the Court concludes that the Plaintiff's Motion for Default Judgment and Permanent Injunction should be **GRANTED.**

2. In order to enter that judgment, the Court orders Plaintiff to submit an affidavit from a responsible attorney setting out the details that establish a reasonable calculation of attorneys fees by July 24, 2009, or such other evidence establishing proof under the Fifth Circuit's standards.

**SO ORDERED** on this 13th day of July, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**